

**REPUBLIC OF POLAND**
**MINISTRY OF JUSTICE**
**NATIONAL PROSECUTOR'S OFFICE**
**Bureau Of International Legal Cooperation**
Fax: 48 22 628-1682

Warsaw, July 11th, 2007

Our Ref. No. PR III Oz 127/05/E

Your Ref,. No. 95-100-15759 Edward MAZUR

**Mr Michael Dittoe**
**US Department of Justice**
**Office of International Affairs**
**Criminal Division**
**Department of Justice**
**1301 New York Avenue, N.W., Suite 800**
**WASHINGTON D.C. 20530**

Dear Mr Dittoe,

In reference to our previous correspondence in the above mentioned case Our Ref. No. PR III Oz 127/05/E, Your Ref,. No. 95-100-15759 Edward MAZUR – please find enclosed Excerpts from the Polish Penal Code of April 19th, 1969 and Polish Penal Code of June 6th, 1997.

I also kindly advice that in Poland until September 1st, 1998 the Penal Code of 1969 was valid and in force. These regulations were changed by the Penal Code Act of June 6th, 1997 which went into force on September 1st, 1998 and has been in force since.

According to the article 4 paragraph 1 of the Penal Code, in force as of September 1st, 1998:
*"If at the time of adjudication a different Law is in force than at the time of perpetration of a crime, the new Law is applied, however the Law formerly in force should applied if it is more lenient for the perpetrator."*

The murder of Chief superintendent Marek Papała was committed on June 25th, 1998, thus at the time of validity of the Penal Code of 1969. Also the act Edward Mazur is charged with, namely: inducing in April 1998 of another person to perpetrate this murder, was perpetrated at the time of validity of the Penal Code of 1969.

Exhibit 1

95-100-15759

- 2 -

In the present case, the regulations of Penal Code of 1969 are more lenient for the perpetrator, because the lower limit of the statutory threat of penalty of imprisonment for the act alleged to Edward Mazur is 8 years of imprisonment and is lower than the one provided for in the currently valid regulations – which is 12 years of imprisonment.

It should be stressed that pursuant to the article 20 paragraph 1 of the Penal Code Act of 1969 and article 19 paragraph 1 of the currently valid Penal Code Act 1997 - which regulations have not been changed, a person inducing to perpetrate an offence is liable within the limits of the penalty provided for the perpetrator of this offence.

Therefore, the threat of penalty for the act perpetrated by Edward Mazur is the same as the threat for the perpetrator of the murder.

Inducement under article 20 paragraph 1 of the Penal Code Act of 1969 – as well as under Articles 19 paragraph 1 of the currently valid Penal Code Act 1997 – need not result in a completed crime.

It should be added that the murder of Chief superintendent Marek Papała was perpetrated with the use of a firearm, thus pursuant to the currently valid regulations, article 148 paragraph 2 item 4 of the Penal Code of 1997 would be applicable, providing for a penalty of 12 years of imprisonment as the bottom limit of statutory threat.
The Penal Code of 1969 did not contain such a regulation, providing for both the person inducing to committed murder as well as for the perpetrator of a murder a penalty of the bottom threat of 8 years of imprisonment.

Therefore the provisions of the Penal Code of 1969 are more lenient in Edward Mazur's case.

We also would like to inform you that the limitation period to a penalty for the above mentioned offence shall cease in April 2033 – according to the article 105 and article 106 of the Penal Code Act of 1969, which is also more lenient for the perpetrator of a murder.

This letter is confirmed under article 13 of the Agreement between the Republic of Poland and the United States of America on Extradition, dated 10 July 1996 Treaty which allows us to send correspondence directly to the Department of Justice, not through the diplomatic channel.

Sincerely yours,

Anna Adamiak-Derendarz

*Piotr Radomski*
prokurator                Director Of Bureau
Prokuratury Okręgowej w Warszawie
delegowany do Ministerstwa Sprawiedliwości   Of International Legal Cooperation

By proxy

Certified translation from the Polish language

Excerpt from regulations of the Polish Penal Code as of 6th June 1997
(came into force of 1st September 1998)

## Chapter II

### Forms of crime committing

**Article 13.**
§1. A person who intending to commit a prohibited act with his/her behaviour is directly heading at committing such an act shall be liable for attempting to commit a prohibited act, although such an act has not been committed.
§ 2. Attempting takes place also when the perpetrator is not aware that it is impossible to commit a prohibited act due to lack of a subject on which such a prohibited act could be committed or due to using means that are not fit for committing the prohibited act.

**Article 14.**
§ 1. The court shall impose the penalty for an attempted crime within the limits of the penalty provided for a given crime.
§ 2. In the case determined in article 13 § 2 above, the court may apply the extraordinary mitigation of penalty or even renounce the penalty.

**Article 15.**
§ 1. A person who has voluntarily given up committing a crime or prevented a consequence being an attribute of a prohibited act shall not be punished for an attempted crime.
§ 2. The court may apply the extraordinary mitigation of penalty with regard to the perpetrator who has voluntarily attempted preventing a consequence being an attribute of a prohibited act.

**Article 16.**
§ 1. Preparation shall be deemed to have taken place in case the perpetrator intending to commit a prohibited act takes actions to create conditions to undertake an act which directly leads to its committing, in particular, if the perpetrator with such an intention gets into conspiracy with another person, obtains or adapts means, gathers information or sets a plan of actions.
§ 2. Preparing shall only be punishable when the law provides so.

**Article 17.**
§ 1. Any person who has voluntarily given up preparing, especially destroyed the prepared means or prevented usage thereof in the future shall not be punished for preparing; in case he/she had got into conspiracy with another person with the intention to commit a prohibited act, the person who has taken essential attempts to prevent the crime shall also not be punished.
§ 2. Any person to whom article 15 § 1 pertains shall not be punished for preparing.

**Article 18.**
§ 1. Liability for perpetration shall be incurred not only by a person who actually commits a prohibited act, either individually or in conspiracy with another person, but also by any person who directs commitment of a prohibited act by another person or uses such person's dependency on him/her and orders such a person to commit a prohibited act.

§ 2. Any person who, wanting another person to commit a prohibited act, induces such a person to committing it shall be liable for abetment.

§ 3. Any person who, when intending for another person to commit a prohibited act, with his/her behaviour facilitates it committing, in particular by providing the offender with a tool, means of transport, giving advice or information, shall be liable for aiding to commit a crime. Any person who, contrary to the special legal duty to prevent a prohibited act from being committed, by his/her neglect facilitates its being committed by another person, shall also be liable for aiding to commit an offence..

### Article 19.

§ 1. The court shall impose the penalty for abetment or aiding within the limits of the penalty provided for perpetrating a given crime.

§ 2. The court imposing a penalty for aiding may apply the extraordinary mitigation of penalty.

### Article 20.

Each of accomplices in committing a prohibited act shall be held liable within the limits of his/her intentional or unintentional actions, independently of the liability of the other accomplices.

### Article 21.

§ 1. Personal circumstances, which exclude, mitigate or sharpen the penal liability shall be taken into account only with regard to the person whom they concern.

§ 2. If a personal circumstance pertaining to a perpetrator, even if its only effect is sharpening of the penalty, constitutes an attribute of a prohibited act, the accomplice shall be held liable for the prohibited act, if he/she has been aware of the circumstance, even though it does not pertain to him/her.

§ 3. The court may apply the extraordinary mitigation of the penalty in the case of an accomplice whom the circumstance provided for in § 2 above does not concern.

### Article 22.

§ 1. If the prohibited act has only been attempted, the person determined in article 18 §§ 2 and 3 shall be held liable in the same way as for an attempted crime.

§ 2. If no attempt has been made to commit a prohibited act, the court may apply the extraordinary mitigation of penalty or even renounce the penalty.

### Article 23.

§ 1. An accomplice who has voluntarily prevented committing a prohibited act shall not be punished.

§ 2. The court may apply the extraordinary mitigation of penalty in the case of an accomplice who has voluntarily attempted preventing committing a prohibited act.

### Article 24.

Any person who, intending to cause penal proceedings be conducted against another person, incites the person to commit a prohibited act, shall be held liable in the same way as for abetment; in such a case articles 22 and 23 shall not be applied.



11/07 07 WED 20:17 FAX 48 22 5237039 BIURO OZ PK
Case: 1:06-mc-00295 Document #: 44-2 Filed: 07/16/07 Page 5 of 9 PageID #:154
☑005

3

## Chapter XI
## Limitation

### Article 101
§ 1. An offence will cease to be punishable upon the expiration of the following periods from the time of its perpetration:
1) 30 years – if the deed is a crime of homicide;
2) 20 years – if the deed is another crime;
2a) 15 years – if the deed is the crime liable to imprisonment exceeding 5 years;
3) 10 years – if the deed is the crime liable to imprisonment exceeding 3 years;
4) 5 years – in case of other offences;
5) (to repeal)

§ 2. A crime or offence prosecuted upon private accusation will cease to be punishable within one year after the date the victim had become aware of the perpetrator's identity, however, not later than within 3 years after the date of the perpetration.

§ 3. In cases provided for in sections 1 or 2 hereinabove, if perpetration of a crime depends on the occurrence of a consequence indicated in the Law, then the prescription period will commence on the date of the occurrence of such a consequence.

### Article 102
If proceedings against a person have been commenced within a period provided for by article 101 points 1-3 above, then the crime or offence committed by such person will cease to be punishable on expiry of 10 years, and in other cases on expiry of 5 years after the end of such a period.

### Article 103
§ 1. A penalty cannot be executed, if before the sentencing judgment became legally valid the following periods had expired:
1) 30 years – in the case of sentencing to imprisonment for a period longer than 5 years or a stricter penalty;
2) 15 years – in the case of sentencing to imprisonment for a period shorter than 5 years;
3) 10 years – in the case of sentencing to any other penalty.

§ 2. The regulation included in section 1, point 3 above shall respectively apply to the penal means specified in article 39, points 1-4 and 6 and 7; and the regulation included in section 1, point 2 above shall respectively apply to the penal means specified in article 39, point 5.

### Article 104
§ 1. The limitation shall not take course if any regulation of the law prevents from launching or carrying on penal proceedings; this however does not concern lack of a motion or private accusation.

§ 2. Limitation regarding the crimes determined in article 144, article 145, section 2 or 3, article 388, section 1 or 2 and in article 339 shall commence from the moment of fulfilling the obligation or from the moment when such an obligation ceases to be binding for the suspect.

**Article 105**

§ 1. The regulations under articles 101-103 shall not apply to felonies against peace, humanity and war crimes.

§ 2. The regulations under article 101-103 shall also not apply to the following intended crimes: murder, heavy bodily injury, heavy damage to health or imprisonment connected with aggravated tormenting committed by a public officer in connection with performing his/her official duties.

*Oblong stamp:*
**For Conformity**

*Oblong stamp:*
Piotr Radomski
Prosecutor
of District Prosecutor's Office in Warsaw
Attached to the Ministry of Justice

*Official round seal with the national emblem of the Republic of Poland in the center and the following inscription on the rim: "MINISTRY of JUSTICE".*



## Excerpt from regulations of the Polish Penal Code as of 19th April 1969
### (was in force until 1st September 1998)

### Chapter II

### Forms of crime committing

**Article 11.**
§ 1. A person who intending to commit a prohibited act with his/her behaviour is directly heading at committing such an act shall be liable for attempting to commit a prohibited act, although such an act has not been committed.
§ 2. Attempting takes place also when the perpetrator is not aware that it is impossible to commit a prohibited act due to lack of a subject on which such a prohibited act could be committed or due to using means that are not fit for committing the prohibited act.

**Article 12.**
§ 1. The court shall impose the penalty for an attempted crime within the limits of the penalty provided for a given crime.
§ 2. In the case determined in article 11 § 2 above, the court may apply the extraordinary mitigation of penalty or even renounce the penalty.

**Article 13.**
§ 1. A person who has voluntarily given up committing a crime or prevented a consequence of a prohibited act shall not be punished for an attempted crime.
§ 2. The court may apply the extraordinary mitigation of penalty with regard to the perpetrator who has voluntarily attempted preventing a consequence being an attribute of a prohibited act.

**Article 14.**
§ 1. Preparation shall be deemed to have taken place in case the perpetrator intending to commit a prohibited act obtains or adapts means, gathers information or sets a plan of actions or takes similar actions to create conditions to undertake an act which directly leads to its committing, or if the perpetrator gets into conspiracy with another person with the intention to commit a crime.
§ 2. Preparing shall only be punishable when the law provides so.

**Article 15.**
Any person who has voluntarily given up preparing, especially destroyed the prepared means or prevented usage thereof in the future shall not be punished for preparing.

**Article 16.**
Liability for perpetration shall be incurred not only by a person who actually commits a prohibited act but also by any person who directs committing of a prohibited act by another person.

**Article 17.**
Personal circumstances, which exclude, mitigate or sharpen the penal liability shall be taken into account only with regard to the person whom they concern.

### Article 18

§ 1. Any person who, wanting another person to commit a prohibited act, induces such a person to committing it shall be liable for abetment.

§ 2. Any person who, wanting another person to commit a prohibited act, with his/her behaviour facilitates it committing by providing the offender with means, advice or information or facilitates committing the crime in a similar way shall be liable for aiding to commit a crime.

### Article 19.

§ 1. Any instigator and accomplice shall be held liable within the limits of his/her intention, even though the person who has committed the prohibited act or intended committing the prohibited act has not been held liable.

§ 2. If a special feature of a perpetrator, even if its only effect is sharpening of the penalty, constitutes an attribute of a prohibited act, the person who has been aware of the feature and has incited or helped the perpetrator, shall be held liable as an instigator or helper, even though the person has not had the feature him/herself.

### Article 20.

§ 1. The court shall impose the penalty for abetment or aiding within the limits of the penalty provided for perpetrating a given crime.

§ 2. If no attempt has been made to commit a prohibited act, the court may apply the extraordinary mitigation of penalty or even renounce the penalty with regard to the instigator or helper.

### Article 21.

§ 1. An instigator or helper who has voluntarily prevented committing a prohibited act shall not be punished.

§ 2. The court may apply the extraordinary mitigation of penalty in the case of an instigator or helper who has voluntarily attempted preventing committing a prohibited act.

§ 3. The regulations provided for in §§ 1 and 2 above shall not apply to any person who incites another person intending to cause penal proceedings be conducted against the person

## Chapter XIV

### Statutes of limitation

### Article 105.

§ 1. A crime or offence ceases to be punishable if the following periods have elapsed since it had been committed:
1) 30 years – if it is a felony;
2) 10 years - if it is a misdemeanour punishable by imprisonment for more than 5 years;
3) 5 years – in the case of other misdemeanours.

§ 2. A crime prosecuted upon private accusation ceases to be punishable upon the expiration of three months after the date when the wronged person learnt about the perpetrator's identity, however not later than upon the expiration of 5 years since the date of the perpetration.



§ 3. In the cases provided for in § 1 and 2 above, if perpetration of a crime depends on occurrence of a consequence indicated in the law, then the limitation period is calculated starting with the date of the occurrence of such a consequence.

### Article 106.

If proceedings are initiated against a person within a period provided for by article 105 above, then the crime or offence committed by the person ceases to be punishable 5 years after the end of such a period.

### Article 107.

A penalty cannot be executed, if before the sentencing judgement became legally valid the following periods had expired:
4) 55 years – in the case of sentencing to imprisonment for a period longer than 5 years or a stricter penalty;
5) 15 years – in the case of sentencing to imprisonment for a period shorter than 5 years;
6) 10 years – in the case of sentencing to any other penalty

**Article 108 (66) § 1.** The limitation shall not take course if any regulation of the law prevents from launching or carrying on penal proceedings; this however does not concern lack of a motion or private accusation.

§ 2. The course of the period of limitation in the case of crimes against life, health, liberty or administration of justice, which are punishable by imprisonment for a period longer than 3 years and which were committed by public servants between 1st January 1944 and 31st December 1989 at the time or in connection with performing their public functions, shall commence on 1st January 1990. The regulation stipulated under article 2 § 1 shall not apply to such cases.

Article 109. The statutes of limitation shall not apply to war crimes and crimes against humanity.

*Oblong stamp:*
**For Conformity**

*Oblong stamp:*
Piotr Radomski
Prosecutor
of District Prosecutor's Office in Warsaw
Attached to the Ministry of Justice

*Official round seal with the national emblem of the Republic of Poland in the center and the following inscription on the rim: "MINISTRY of JUSTICE".*

*Repertory no. 1683/2007*
*I, the undersigned, Ryszard Pruszkowski, sworn translator of the English language entered on the list of sworn translators of the Minister of Justice, hereby certify that the above text is a true and complete translation of the original Polish document.*
*Warsaw, July 11, 2007*